# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| JACKIE SCHENCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FULTON COUNTY, ILLINOIS, BOB | ) Case No.  15-cv-1226 |
| BUCHER, STEVEN BOHLER, LISA I. | ) |
| JOACHIM, DONNA HUDSON, ED | ) |
| HUGGINS, DOUG MANOCK, JOE | ) |
| MURPHY, GABBY MANOCK, ROGER | ) |
| CLARK, MARY DEUSHANE, GARRY | ) |
| HENSLEY, VICKI HOKE, TERRY PIGG, | ) |
| ROD MALOTT, GLEN HAMM, DANIEL | ) |
| E. KUMER, CRAIG MEDUS, PATRICK | ) |
| O'BRIAN, JASON MYETICH, JOHN | ) |
| TAYLOR, and NEIL WILLIAMS, IN HIS | ) |
| or HER OFFICIAL CAPACITY AS | ) |
| MEMBERS OF THE BOARD OF | ) |
| FULTON COUNTY, ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

## O R D E R   A N D   O P I N I O N

This matter is before the Court on a Motion to Dismiss (Doc. 4) brought by the Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below the Motion is GRANTED as to Count I ONLY.

### BACKGROUND[1]

Plaintiff Jackie Schenck worked as a deputy clerk for the Fulton County

---

[1] Unless otherwise noted, the Court draws the facts in this section from the Complaint (Doc. 1), treating the Plaintiffs' allegations as true and drawing all reasonable inferences in their favor, in accordance with the motion to dismiss standard described *infra* at p. 3.

1

Circuit Clerk of Illinois between December 2000 and August 4, 2014. At the time of her termination, Plaintiff was approximately fifty-two (52) years of age. In 2011, Plaintiff prepared a legal document for a litigant, Daniel Coon. It was against the rules to prepare such documents for litigants. Plaintiff was suspended for the preparation of the document in 2014. On July 24, 2014, Mary Hampton, the Clerk of the Circuit Court for Fulton County, circulated an email announcing Plaintiff's suspension to various individuals, including sitting judges, describing Plaintiff's conduct as a "direct violation of the law."

On August 4, 2014, Plaintiff was terminated for the same offense of preparing a document for a litigant. However, other workers in the Clerk's office who are substantially younger than Plaintiff also prepare documents for litigants but have suffered no adverse employment actions. In fact, these forms were created on a daily basis by all employees of the Clerk's office and this practice and procedure was known to and accepted by Ms. Hampton, Fulton County Circuit Clerk, throughout Plaintiff s employment.

Plaintiff brings two counts in her Complaint (Doc. 1). Count I alleges violation of the Age Discrimination in Employment Act of 1967, codified at 29 U.S.C. § 621 *et. seq*. Count II alleges violation of the Illinois Personnel Record Review Act, 820 ILL. COMP. STAT. 40/0.01, *et. seq*. The other Defendants in this case are the members of the Fulton County Board whom the Plaintiff has sued in their official capacities.

## LEGAL STANDARDS

In ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). The pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the challenged pleading must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the [non-movant] has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard requires enough facts "to present a story that holds together," but does not require a determination of probability. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. Lastly, when a plaintiff pleads facts demonstrating that he has no claim, dismissal of the complaint is proper. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

## DISCUSSION

### I. Plaintiff's ADEA Claim

It seems intuitive that a proper employment discrimination suit should be brought by an employee against an employer. Similarly, the question of who or

what entity is one's employer should be a straightforward proposition. But here, there is a dispute over which entity actually employed Plaintiff apparent on the face of the Complaint. The ADEA defines an employer as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . . The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency." 29 U.S.C. § 630(b). Counties are political subdivisions of states, so they may be sued under the ADEA.

And so Plaintiff has in fact named Fulton County as a defendant in this lawsuit and alleged that it was Plaintiff's employer. However, Plaintiff has also stated she was a deputy clerk working in the Office of the Circuit Clerk of Fulton County. Defendants assert that Fulton County cannot be deemed Plaintiff's employer because the Plaintiff worked for the Clerk of the Circuit Court of Fulton County, a State of Illinois entity; not Fulton County itself. They cite *Kane County v. Carlson*, in which the court held that for purposes of the Illinois Public Labor Relations Act, a clerk of the circuit court is the employer of the deputy clerks because Illinois law provides the circuit clerk is authorized to hire deputy clerks and is responsible for their acts. 507 N.E.2d 482, 487 (Ill. 1987) (citing 705 ILL. COMP. STAT. 105/9 and 105/10). They also cite case law in which the Illinois Supreme Court explained that clerks of the circuit courts, such as Mary Hampton, are nonjudicial

4

officers of the judicial branch of state government and **not** employees of the counties. *Pucinski v. Cnty. of Cook*, 737 N.E.2d 225, 228 (Ill. 2000).

In *Carver v. Sheriff of LaSalle County*, the Seventh Circuit certified a question to the Illinois Supreme Court "whether, and if so when, Illinois requires counties to pay judgments entered against a sheriff's office in an official capacity." 324 F.3d 947 (7th Cir. 2003). The Illinois Supreme Court held that "[b]ecause the office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against a sheriff's office in an official capacity." *Carver v. Sheriff of LaSalle Cnty., Illinois*, 787 N.E.2d 127, 141 (Ill. 2003). The Seventh Circuit then held that "[b]ecause state law requires the county to pay, federal law deems it an indispensable party to the litigation." 324 F.3d at 948 (citing Federal Rules of Civil Procedure 17 and 19).

The sheriffs in *Carver* stand in a similar position to the circuit clerks in this case. Just as the sheriff of a given county is actually a state official, 55 Ill. Comp. Stat. 5/3-6001, the circuit clerk of any given county in Illinois is a state official. 705 Ill. Comp. Stat. 105/3. Just as the sheriff is authorized by statute to appoint deputies not exceeding a number allowed by his county board, 55 Ill. Comp. Stat. 5/3-6008, the circuit clerks are similarly authorized by statute to appoint deputies as needed. 705 Ill. Comp. Stat. 105/9. However, circuit clerks are **not** county officials under Article VII, § 4 of the Illinois Constitution, while sheriffs are. Nevertheless, although circuit court clerks are officers of the judicial branch of state government, "responsibility for maintaining the clerks' office belongs to the

counties, not the state." *Pucinski,* 737 N.E.2d at 228. Moreover, county boards are statutorily required to provide the equipment and space, and to pay the clerks' salaries, "stationery, fuel and other expenses." *Id.*, citing 705 ILL. COMP. STAT. 105/27.3. There is also statutory authority requiring a county to pay any judgment or settlement recovered against the Clerk of the Circuit Court. *Carver*, 324 F.3d at 148.

This leads the Court to conclude that since Fulton County is not the Plaintiff's employer, it is not a properly designated defendant in this case since this lawsuit does not include any claim against Mary Hampton, the Fulton County Circuit Clerk. As explained earlier, the clerk of the circuit court of a county is a state official. Thus, the Eleventh Amendment of the United States Constitution applies and bars any claim against Mary Hampton in her official capacity as Clerk of the Circuit Court of Fulton County. *Carpenter v. Brown*, No. 10 C 4683, 2011 WL 6936360, at *1 (N.D. Ill. Dec. 29, 2011) (finding that the Clerk of the Circuit Court of Cook County was a state official and could not be held liable for claims for damages in her official capacity because of the Eleventh Amendment).

The problem for Plaintiff is that she has not provided any allegations in her Complaint that she was engaged in an employment relationship with Fulton County. She claims in an affidavit in support of her opposition to the motion to dismiss that she possesses W-2 forms listing Fulton County as her employer. But the fact that the county paid her salary is of little significance to the question of whether she had an employee/employer relationship with Fulton County because

6

under Illinois law counties are statutorily responsible for paying the clerks' salaries while the circuit clerk is authorized to hire deputy clerks and is responsible for their acts.

Instead of pleading concrete indicia of an employer/employee relationship between her and Fulton County in the Complaint, Plaintiff cites to inapposite law in her opposition brief. For example, Plaintiff cites to *Schaefer v. Transportation Media, Inc.*, 859 F.2d 1251 (7th Cir. 1988) for the proposition that when one is alleging her employer to be an "agency or instrumentality" of a state or political subdivision, such an employer does not have to meet independently the twenty-employee minimum if the political subdivision with which it was associated met that requirement. In other words, Plaintiff is attempting to argue that because the Office of the Circuit Clerk of Fulton County is a subdivision of the State of Illinois, the twenty employee requirement is met here since the State obviously employs more than twenty people. Plaintiff is confusing the issues. The number of employees of the Circuit Clerk, Fulton County, or the State of Illinois does not matter for the disposition of this motion. What matters is whether Plaintiff was actually employed by Fulton County under the applicable law and a practical assessment of the realities of her job duties and functions, not simply how many employees her putative employer employed.

Next, Plaintiff cites to *E.E.O.C. v. City of Evanston*, 854 F. Supp. 534 (N.D. Ill. 1994) for the proposition that one can be the employee of one governmental entity and still maintain an ADEA action against another governmental entity in

7

the absence of a direct employee/employer relationship. In *City of Evanston*, the EEOC brought an ADEA claim against the City of Evanston and the State of Illinois, alleging that the terms of a pension plan for Evanston firefighters were discriminatory on the basis of age. *Id.* at 537. The State filed a motion to dismiss, arguing that it had no employer-employee relationship with the Evanston firefighters. *Id.* While the court recognized that the city was responsible for the "hiring, terminating, and promoting" of the firefighters, it decided not to dismiss the State prior to determining if the State "unlawfully interfered with Evanston firefighters' access to employment benefits." *Id.* at 538. The court explained that a traditional employment relationship did not have to be established in that particular case. *Id.* at 537.

*City of Evanston* has little, if any, application to this case though. There, the State of Illinois administered the workers' pension plan and was alleged to be discriminating against them on the basis of their age. *Id.* at 536. There are no comparable allegations pled in the Complaint here, as Fulton County and its official board members are not alleged to have taken any action towards Plaintiff whatsoever.

In short, Plaintiff has failed to offer any allegations that bear on indicia of an actual employment relationship with Fulton County such as, for example, the degree of control exercised by the putative employer over the employee's day to day activities. *See, e.g.*, *Hayden v. La-Z-Boy Chair Co.*, 9 F.3d 617, 622 (7th Cir. 1993). Therefore, the ADEA claim against Fulton County and the Fulton County Board

Members must be dismissed as Plaintiff's unsubstantiated conclusory allegation that she is an employee of Fulton County is not plausible on its face.

## II. Plaintiff's Illinois Personnel Record Review Act Claim

The Court expresses no judgment as to the propriety of Count II, an Illinois state law claim, because the Court declines to exercise its supplemental jurisdiction under 28 U.S.C. § 1367(c).

## CONCLUSION

Defendant's Motion to Dismiss (Doc. 4) is GRANTED as to Count I of the Complaint ONLY. When a court dismisses a claim pursuant to a Rule 12(b)(6) motion, the dismissal must be with prejudice because the claim is not one upon which relief can be granted. *Remijas v. Neiman Marcus Grp., LLC*, No. 14-3122, 2015 WL 4394814, at *8 (7th Cir. July 20, 2015) ("A dismissal under Rule 12(b)(6), in contrast, is a dismissal with prejudice."); *Kamelgard v. Macura*, 585 F.3d 334, 339 (7th Cir. 2009). Therefore, the Plaintiff's Count I is dismissed with prejudice and the Court declines to exercise its supplemental jurisdiction to adjudicate Count II. CASE TERMINATED.

IT IS SO ORDERED.

Entered this <u>19th</u> day of August, 2015.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge

9